UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>PRESTIGE HEALTH CARE<br>SERVICES, INC.,<br>　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 11<br>CASE NO.: 19-40852-CJP |

**MOTION OF DEBTOR FOR DETERMINATION THAT THE DEBTOR IS NOT SUBJECT TO 11 U.S.C. SECTION 333 OR, ALTERNATIVELY THAT THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN IS NOT NECESSARY**

NOW COMES the Debtor, Prestige Health Care Services, Inc., and hereby moves this Hon. Court, pursuant to 11 U.S.C. § 333(a)(1), for an order determining that the Debtor is not a "health care business" within the meaning of 11 U.S.C. § 101(27A) or, alternatively, that the appointment of a "Patient Care Ombudsman" is not necessary.

1. On May 22, 2019, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, Title 11 United States Code.

2. The Debtor is a privately-owned Medicare/Medicaid State-Certified home health care agency. Headquartered in Worcester, Massachusetts, the Debtor serves seniors, people with disabilities, and individuals who require in-home health care services. As such, the debtor does not maintain any "facilities" to provide care for its customers, but rather attends to its customers typically at their individual homes.

3. The debtor employees a number of credentialed home health care providers in a variety of health care settings. Such services include services of a nurse, the evaluation and treatment by a therapist, or the personal care and homemaking from a caregiver or home health aide. The nature of the services provided include nursing, medical social services, home health

care services, physical therapy, and occupational therapy, all of which is done at a client's place of abode or at a location other than a facility maintained by the Debtor.

4. Under 11 U.S.C. § 333(a)(1), "the appointment of a patient care ombudsman is mandatory unless (a) the Debtor does not qualify as a health care business, or (b) the Court finds the appointment is not necessary for the protection of patients under the specific facts of the case."[1] the bankruptcy code defines a "health care business" under 11 U.S.C. § 101 (27A) as:

(A) means any public or private entity (without regard to whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for —
  (i) the diagnosis or treatment of injury, deformity, or disease; and
  (ii) surgical, drug treatment, psychiatric, or obstetric care; and
(B) includes —
  (i) any —
    (I) general or specialized hospital;
    (II) ancillary ambulatory, emergency, or surgical treatment facility;
    (III) hospice;
    (IV) home health agency; and
    (V) other health care institution that is similar to an entity referred to in subclauses (I), (II), (III), or (IV); and
  (ii) any long-term care facility, including any —
    (I) skilled nursing facility;
    (II) intermediate care facility;
    (III) assisted living facility;
    (IV) home for the aged;
    (V) domiciliary care facility; and
    (VI) health care institution that is related to a facility referred to in subclauses (I), (II), (III), (IV), or (V), if that institution is primarily engaged in offering room, board, laundry, or personal assistance with activities of daily living and incidentals to activities of daily living.

5. As the debtor does not provide any "facilities" to its clients, but rather relies upon the clients already having facilities available to them either at their home or provided by third-parties,

---

[1]/ **In Re William L. Saber, M.D., P.C.**, 369 B.R. 631 (2007).

the debtor asserts that it does not fall within the statutory definition of a "health care business" as it does not provide "facilities *and* services" to its clientele.[2]

6. Even were the Debtor to be deemed to be a "health care business" within the meaning of 11 U.S.C. § 101 (27A), the Debtor asserts that the appointment of a "Patient Care Ombudsman" is not necessary as the Debtor secures and maintains all client records at the Debtor's physical location. Moreover, as set forth in the Debtor's Motion for Use of Cash Collateral contemporaneously filed herewith, the Debtor's financial projections indicate that the debtor will be maintaining substantial positive cash flow and it is therefore unlikely that a financial crisis would cause the Debtor to provide its essential services to its clientele.

7. Furthermore, the appointment of a "Patient Care Ombudsman" under 11 U.S.C. § 333(a)(1), will add an additional layer of administrative burden as well as additional cost to the Debtor and, thereby, make it more difficult for the Debtor to successfully emerge from Chapter 11.

---

[2] *See also* **In re Medical Assoc. of Pinellas, L.L.C.**, 360 B.R. 356, 2007 WL 117930 (Bankr. M.D. Fla, 2007).

WHEREFORE, the Debtor respectfully requests that the Court issue an Order:

1. Determining that the Debtor is not subject to the provisions of 11 U.S.C. § 333(a)(1) as it does not fit within the statutory definition of a "health care business" under 11 U.S.C. § 101 (27A); or, alternatively,

2. Determine that the appointment of a "Patient Care Ombudsman" Under 11 U.S.C. § 333(a)(1), is not necessary; and

3. For such other and further relief as the court deems meet and just under the circumstances.

                                              PRESTIGE HEALTH CARE SERVICES, INC.,
Debtor-in-Possession,
By its Attorney,

Date: May 22, 2019                */s/ Richard N. Gottlieb, Esq.*
Richard N. Gottlieb, Esq.
Law Offices of Richard N. Gottlieb
Ten Tremont Street
Suite 11, 3rd Floor
Boston, MA 02108
Phone: (617) 742-4491
rnglaw@verizon.net

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>PRESTIGE HEALTH CARE<br>SERVICES, INC.,<br>　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 11<br>CASE NO.: 19-40852-CJP |

**CERTIFICATE OF SERVICE**

　　　　I, Richard N. Gottlieb, Esq. do hereby certify that i have this day served a copy of the Motion of Debtor-In-Possession for Determination That The Debtor Is Not Subject To 11 U.S.C. Section 333 Or, Alternatively That The Appointment Of a Patient Care Ombudsman Is Not Necessary upon the persons listed below by First Class U.S. Mail postage paid and/or electronically via CM/ECF.

Date: May 22, 2019　　　　　　　　　　*/s/ Richard N. Gottlieb, Esq.*
　　　　　　　　　　　　　　　　　　　Richard N. Gottlieb, Esq.
　　　　　　　　　　　　　　　　　　　Law Offices of Richard N. Gottlieb
　　　　　　　　　　　　　　　　　　　Ten Tremont Street
　　　　　　　　　　　　　　　　　　　Suite 11, 3rd Floor
　　　　　　　　　　　　　　　　　　　Boston, MA 02108
　　　　　　　　　　　　　　　　　　　Phone: (617) 742-4491
　　　　　　　　　　　　　　　　　　　rnglaw@verizon.net

Persons Served:

**Richard King, Esq.**
Office of the US Trustee
(Served via CM/ECF)

**Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Commerce Associates**
340 Main Street
Suite 707
Worcester, MA 01608

**Internal Revenue Service**
Attn: Anne Marie MacNamara
120 Front Street
Suite 600
Worcester, MA 01608

**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

**Isdory Lyamuya**
6016 Summerhill Road
Temple Hills, MD 20748

**Mass. Dept. of Revenue**
P.O. Box 9564
Boston, MA 02204

**Mass. Dept. of Unemployment Assistance**
19 Staniford Street
Boston, MA 02114

**Mass. Health**
146 Main Street
Worcester, MA 01608

**Massachusetts Rehabilitation Commission**
Attn: Provider Relations
359 Main Street
Worcester, MA 01608

**NaviCare HMO SNP**
Attn: Provider Relations
10 Chestnut Street
Suite 800
Worcester, MA 01608-9971

**One Call Care Management, Inc.**
841 Prudential Drive
Suite 204
Jacksonville, FL 32207

**Senior Whole Health HMO SNP**
58 Charles Street
Cambridge, MA 02141

**Tri-Valley Elder Services**
Attn: Provider Relations
10 Mill St.
Dudley, MA 01571

**Tufts Health Plan**
Attn: Provider Services
P.O. Box 9194
Watertown, MA 02471-9194

**U.S. Dept.of Health and Human Services**
Center for Medicare & Medicaid Services
John F. Kennedy Federal Building
15 New Sudbury Street, Room 2325
Boston, MA 02203-0003

**U.S. Dept.of Health and Human Services**
Center for Medicare & Medicaid Services
John F. Kennedy Federal Building
15 New Sudbury Street, Room 2325
Boston, MA 02203-0003

**United States Attorney**
John Joseph Moakley United States Federa
One Courthouse Way, Suite 9200
Boston, MA 02210