UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| PRESTIGE HEALTH CARE SERVICES, INC. ) | Chapter 11 |
| ) | Case No. 19-40852-CJP |
| Debtor ) | |

UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE

and

Request for Emergency Hearing/Determination

Pursuant to 28 U.S.C. §§ 586(a)(3)(G), (a)(8) and 11 U.S.C. § 1112(b), the United States Trustee ("U.S. Trustee") requests that this Court enter an order dismissing this case, because the Debtor has failed to provide the United States Trustee with any evidence that the Debtor is maintaining in force the appropriate workmans' compensation insurance coverage for its business. In further support of this motion, the United States Trustee states:

1.      Prestige Health Care Services, Inc., ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 22, 2019.

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

4.      Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

5.      To date the United States Trustee has not been able to form a creditors committee as contemplated by 11 U.S.C. § 1102.

6.	The Court has entered an order requiring the Debtor to file statements and schedules by June 5, 2019.  The meeting of creditors under 11 U.S.C. § 341 will be scheduled to take place in Worcester.  The United States Trustee conducted an Initial Debtor Interview ("IDI") on May 29, 2019.

7.	The Secretary of the Commonwealth of Massachusetts's Corporate Database lists Debtor as a foreign corporation organized under the laws of the District of Columbia According to records at the Office of the Secretary of the Commonwealth of Massachusetts, the Debtor came into existence on or about April 28, 2011.

8.	The Debtor is in the business of providing home healthcare services. The Debtor represented to the United States Trustee that it employs approximately 150 health workers and contracts for the services of approximately 40 independent contractors.

9.	To date, the Debtor has failed to provide the United States Trustee with any evidence that the Debtor in force appropriate, and legally mandated, workman's compensation insurance coverage. At the IDI, the Debtor represented to the United States Trustee that it was in the process of obtaining workmans' compensation insurance, but that it currently did not have a binder reflecting an in force policy.

10.	The Debtor's failure to provide evidence that it is maintaining appropriate insurance constitutes cause for dismissal. 11 U.S.C. § 1112(b)(4)(C).

11.	Under these circumstances, the interests of creditors and the estate would be best served by dismissal of the Debtor's Chapter 11 case under 11 U.S.C. § 1112(b).

<u>Request for Emergency Hearing/Determination</u>

Pursuant to MLBR 9013-1(g), the U.S. Trustee seeks an emergency hearing on, or

determination of, this motion, because the Debtor's apparent failure to maintain workmans' compensation insurance poses a threat of immediate harm to the bankruptcy estate and to the members of the public in the Debtor's employ.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an Order dismissing this case, and granting all other relief to which he may be entitled.

Respectfully submitted,

William K. Harrington
United States Trustee, Region 1

BY:     /s/ Lisa D. Tingue
Lisa D. Tingue (BBO # 633275)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
446 Main Street, 14th Floor
Worcester, MA 01608
(508) 793-0555 (telephone)
lisa.d.tingue@usdoj.gov

Date:  May 30, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of May, 2019, the foregoing document was served by email through the Court's ECF system to all entities that are registered users thereof in this case.

  /s/   Lisa D. Tingue
Lisa D. Tingue

3